UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ERIC ARDOIN,

        Petitioner,

    v.

MIKE McDONALD,

        Respondent.
_____/

No. C-11-5564 EMC (pr)

**ORDER TO SHOW CAUSE**

## I.   INTRODUCTION

Eric Ardoin, an inmate at High Desert State Prison, filed this *pro se* action for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. His petition is now before the Court for review pursuant to 28 U.S.C. §2243 and Rule 4 of the Rules Governing Section 2254 Cases.

## II.   BACKGROUND

The petition and attachments thereto provide the following information: Ardoin was convicted in San Francisco County Superior Court of first degree murder and was found to have suffered several prior convictions. On July 15, 2008, he was sentenced to 85 years to life in state prison.

Ardoin appealed. The judgment of conviction was affirmed by the California Court of Appeal and the petition for review was denied by the California Supreme Court. Ardoin then filed this action.

///

///

### III. DISCUSSION

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. *See Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990).

The petition alleges the following claims: (1) Ardoin's "constitutional rights to the effective assistance of counsel and due process of law were violated when, after several days of jury deliberations, the trial court instructed the jury to consider a new theory of liability as to [Ardoin] under the felony murder rule and denied [his] request to reopen closing argument," Petition For Review, p. 22; (2) Ardoin's Sixth Amendment Confrontation Clause rights were violated; (3) the trial court's "erroneous exclusion of evidence of Rebecca Burgos' unreliability as a witness and indicating that she murdered Rodney Tom, violated [Ardoin's] right to confrontation, to present a defense, and to due process under the Sixth and Fourteenth Amendments," Petition For Review, p. 68;[1] and (4) cumulative error. Liberally construed, the claims are cognizable in a federal habeas proceeding and warrant a response.

### IV. CONCLUSION

For the foregoing reasons,

1. The petition warrants a response.

---

[1] Ardoin's third claim incorporates by reference an argument made in a co-defendant's state court appellate brief. That co-defendant's state court appellate brief is not in the record in this Court, however. Ardoin is cautioned that this Court does not have ready access to state court files and therefore does not have before it the briefs filed by his co-defendant. It is a petitioner's obligation to present to this Court any argument he wants the Court to consider in connection with his claims. Ardoin can include such argument with his traverse.

2. The Clerk shall serve by certified mail a copy of this order, the petition and all attachments thereto upon Respondent and Respondent's attorney, the Attorney General of the State of California. The Clerk shall also serve a copy of this order on Petitioner.

3. Respondent must file and serve upon Petitioner, on or before **March 23, 2012**, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued. Respondent must file with the answer a copy of all portions of the court proceedings that have been previously transcribed and that are relevant to a determination of the issues presented by the petition.

4. If Petitioner wishes to respond to the answer, he must do so by filing a traverse with the Court and serving it on Respondent on or before **April 27, 2012**.

5. Petitioner is responsible for prosecuting this case. Petitioner must promptly keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion.

6. Petitioner is cautioned that he must include the case name and case number for this case on any document he submits to this Court for consideration in this case.

7. Petitioner's *in forma pauperis* application is **GRANTED**. (Docket # 2, # 4.)

IT IS SO ORDERED.

Dated: January 18, 2012

                                        EDWARD M. CHEN
                                        United States District Judge